# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:15-CV-003-RLV-DCK

| | |
|---|---|
| SHARON WATSON, | ) |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| PARADISE HOME IMPROVEMENT, LLC, | ) |
| Defendant. | ) |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiff's First Motion To Compel…" (Document No. 23). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and is ripe for disposition. Having carefully considered the motion, the record, and applicable authority, the undersigned will grant the motion.

## BACKGROUND

Sharon Watson ("Plaintiff" or "Watson") initiated this action with the filing of a "Class Action Complaint And Demand For Jury Trial" (Document No. 1) (the "Complaint") on January 8, 2015. The Complaint is brought against Paradise Home Improvement, LLC ("Defendant" or "PHI") "to stop its practice of making unsolicited telephone calls to the telephones of consumers nationwide and to obtain redress for all persons injured by its conduct." (Document No. 1, p.1). "Plaintiff's Motion For And Memorandum In Support Of Class Certification" (Document No. 2) was also filed on January 8, 2015.

"Defendant's Answer To The Class Action Complaint" (Document No. 18) was filed on March 18, 2015.

The parties' "Certification And Report Of F.R.C.P. 26(f) Conference And Discovery Plan" (Document No. 19) was filed on April 9, 2015. A "Pretrial Order And Case Management Plan" (Document No. 21) was then entered by the Court on May 4, 2015. The "…Case Management Plan," *inter alia*, set the following deadlines: discovery completion – May 23, 2016; motions – June 20, 2016; mediation – June 20, 2016; and trial − September 12, 2016. (Document No. 21).

The Court denied "Plaintiff's Motion For . . . Class Certification" (Document No. 2), without prejudice, on July 21, 2015.

On September 11, 2015, "Plaintiff's First Motion To Compel…" (Document No. 23) was filed with the Court. The pending motion requests that the Court compel Defendant to respond to discovery requests served on June 8, 2015. (Document No. 23, p.1); see also (Document No. 23-1, pp.10-31). "Defendant's Response To Plaintiff's First Motion To Compel Discovery" (Document No. 25) was filed on September 28, 2015; and "Plaintiff's Reply In Support Of Motion To Compel" (Document No. 26) was filed on October 5, 2015.

The pending motion is now ripe for review and disposition.

## STANDARD OF REVIEW

Rule 26 of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed.R.Civ.P. 26(b)(1). The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); and Hickman v. Taylor, 329 U.S. 495, 507

(1947).  However, a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense."  Fed.R.Civ.P. 26(c)(1).

Whether to grant or deny a motion to compel is generally left within a district court's broad discretion.  See Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting District Court's substantial discretion in resolving motions to compel);  and LaRouche v. National Broadcasting Co., 780 F.2d 1134, 1139 (4th Cir. 1986) (same).  A party's failure to respond to discovery requests may result in sanctions, including reasonable expenses caused by the failure, and/or additional sanctions.  See Fed.R.Civ.P. 37(b)(2)(a) and (d).

## DISCUSSION

By the pending motion, Plaintiff seeks an order requiring Defendant to answer the pending discovery requests, and to find that any objections Defendant might have raised have been waived.  (Document No. 23, p.1).  Plaintiff avers that it served its First Set of Requests for Production, and First Set of Interrogatories, on June 8, 2015, and that Defendant has yet to provide *any* response.  Id.  Plaintiff also indicates that she has allowed Defendant the courtesy of at least two (2) extensions of time to provide responses to discovery requests.  (Document No. 23, p.2).  Plaintiff states that she most recently agreed on August 24, 2015, to allow Defendant until September 9, 2015 to provide responses, but demanded that any objections to the discovery be considered late and waived.  Id.  Plaintiff's counsel informed Defendant's counsel on September 10, 2015, that Plaintiff would be filing a motion to compel and seeking attorney's fees.  (Document No. 23, p.3); see also (Document No. 23-6, p.2).

In response, Defendant asserts that "Settlement discussions have been ongoing between the parties since June 23, 2015 – well before any discovery responses were formally due," and that the deadline for Defendant's responses was extended by agreement. (Document No. 25, p.1). Plaintiff then notes that the parties agreed on an extension up until August 13, 2015, but that despite discussions on or about August 24, 2015, were unable to fully agree on the conditions for another extension. (Document No. 25, p.2).

Defendant concludes that the parties' ongoing settlement negotiations, and Defendant's good faith efforts to respond to discovery, are good cause for the delays. (Document No. 25, p.3). Defendant contends that it should not be deemed to have waived its objections to discovery, and should not have any costs or fees imposed. Id.

There does not appear to be any dispute that Plaintiff's discovery requests were served on Defendant on June 8, 2015, and that to date, Defendant has failed to file *any* response or objection to such requests. Moreover, Defendant asserts that the last agreed-upon extension between the parties expired August 13, 2015. It also appears that despite Defendant's alleged difficulty providing responses, it found time to issue its own discovery requests on Plaintiff. At no point has Defendant requested leave from the Court for additional time to respond to Plaintiff's discovery requests.

The undersigned commends the parties' efforts to resolve this matter through early settlement discussions, and encourages the parties to continue such efforts. However, without a stay or an extension of time declared by the Court, the undersigned is not aware of any authority that allows a party to ignore its obligation to timely respond to appropriately served discovery requests. By Defendant's own admission, the consensual extension of its discovery deadline expired on or about August 13, 2015. (Document No. 25, p.2). Nevertheless, Defendant's

4

response suggests it waited until at least August 24, 2015 to even begin preparing discovery responses. Id.

Based on the foregoing, the undersigned finds good cause to grant the requested relief, with modification. Defendant is ordered to promptly respond to the pending discovery requests. The Court will, however, decline to deem any objections by Defendant to be waived, and will require Plaintiff to file a separate motion for the requested costs and attorney's fees. The Court respectfully encourages the parties to resolve the issue of reasonable costs and fees related to the instant motion without further Court intervention. Further delays will likely result in additional sanctions.

## CONCLUSION

**IT IS, THEREFORE, ORDERED** that "Plaintiff's First Motion To Compel…" (Document No. 23) is **GRANTED in part, and DENIED WITHOUT PREJUDICE, in part**, as follows: Defendant shall fully respond to Plaintiff's discovery requests (Document No. 23-1, pp.10-31) on or before **October 16, 2015**; Defendant is not deemed to have waived the right to object to discovery requests; and Plaintiff may file a renewed motion for reasonable expenses and attorney's fees, including a detailed description of those expenses and fees related to Document Nos. 23 and 26, on or after **October 19, 2015**.

**SO ORDERED**.

Signed: October 7, 2015

David C. Keesler
United States Magistrate Judge