IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO. 5:15-cv-00003-RLV

SHARON WATSON, individually and on behalf of all others similarly situated,

        *Plaintiff*,

v.

PARADISE HOME IMPROVEMENT, LLC, a Delaware limited liability company,

        *Defendant*.

PLAINTIFF'S MOTION FOR ATTORNEYS FEES RELATED TO MOTION TO COMPEL GRANTED OCTOBER 7, 2015 (DKT. 27)

## I. INTRODUCTION

This case challenges Defendant Paradise Home Improvement, LLC's ("Defendant" or "Paradise") serial placement of unlawful phone calls under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. On October 8, 2015, the Court entered an Order granting Plaintiff's Motion to Compel discovery responses from Paradise. (*See* Dkt. 27.) The Order also granted Plaintiff leave to file an motion for attorney's fees and encouraged the parties to resolve the fee issue without motion practice. Failing that, the Order stated that, "Plaintiff may file a renewed motion for reasonable expenses and attorney's fees, including a detailed description of those expenses and fees related to Document Nos. 23 and 26, on or after October 19, 2015." (Dkt. 27.)

Unfortunately, despite earnest attempts to meet and confer to resolve the fees issue—which Plaintiff provided support showing totaled $4,536—Defendant has failed to make a single offer. As such, Plaintiff has filed the instant Motion for Attorneys' Fees Related to the Motion to Compel Granted October 7, 2015 ("Motion" or "Motion for Fees"). As explained below, the Court should award Plaintiff's counsel the full amount requested, plus fees incurred for having to

bring this Motion, because the fees are demonstrably reasonable and consistent with the prevailing market rates for attorneys in this District.

## II.     BACKGROUND & PROCEDURAL HISTORY

On January 8, 2015 Plaintiff filed the instant lawsuit. On June 8, 2015 she served document requests and interrogatories on Defendant. Defendant failed to provide any responses following multiple extensions, and, on September 11, 2015, Plaintiff filed her first Motion to Compel. (Dkt. 23.) Paradise responded on September 28, 2015, asserting *inter alia* that good cause existed for its failure to timely respond because the Parties had supposedly engaged in settlement discussions. (Dkt. 25.) Paradise also brushed off the fact that it had found the time to propound its own set of discovery on Plaintiff during the very period of time it was supposedly too busy to timely respond to Plaintiff's discovery. (*Id.*) Plaintiff filed her reply brief on October 5, 2015 (Dkt. 26.)

On October 8, 2015 the Court, Magistrate Judge Keesler, granted in part and denied in part Plaintiff's Motion to Compel. (*See* Dkt. 27.) The Court declined to find that Defendant had waived its discovery objections but ordered that Defendant was required to respond to discovery and that Plaintiff was allowed to seek reasonable attorneys' fees for having brought the motion—and encouraged the Parties to resolve the fee issue without further Court intervention. (*Id.*) For convenience, the October 8, 2015 Order stated, in pertinent part:

> The Court will, however, decline to deem any objections by Defendant to be waived, and will require Plaintiff to file a separate motion for the requested costs and attorney's fees. The Court respectfully encourages the parties to resolve the issue of reasonable costs and fees related to the instant motion without further Court intervention. Further delays will likely result in additional sanctions.…
>
> IT IS, THEREFORE, ORDERED that "Plaintiff's First Motion To Compel..." (Document No. 23) is GRANTED in part, and DENIED WITHOUT PREJUDICE, in part, as follows: Defendant shall fully respond to Plaintiff's discovery requests (Document No. 23-1, pp.10-31) on or before October 16, 2015; Defendant is not

2

> deemed to have waived the right to object to discovery requests; and Plaintiff may file a renewed motion for reasonable expenses and attorney's fees, including a detailed description of those expenses and fees related to Document Nos. 23 and 26, on or after October 19, 2015.

(Dkt. 27.)

Four days later, on October 12, 2015, Plaintiff sent an itemization to Defense counsel itemizing the 10.8 hours expended. (*See* Declaration of Attorney Steven Woodrow ("Woodrow Decl."), a true and accurate copy of which is attached as Ex. 1.) The billed time included detailed entries for drafting the two briefs and performing necessary research and totaled $4,536.00 (reflecting attorney Steven Woodrow's hourly rate of $420). (*Id.*)

Rather than provide any counteroffer, Defendant delayed in responding and then finally sent an email asking for Plaintiff's counsel's basis for his hourly rate. (*Id.* at ¶ 13.) Plaintiff's counsel responded by explaining that Mr. Woodrow's rate was part of the firm's standard rates and that they were lower than the rates other courts had previously approved for his work and by asking for Defense counsel's rates. (*Id.* at ¶ 16.) Defense counsel eventually responded by re-requesting the basis for Plaintiff's counsel's fees. (*Id.* at ¶ 19.) Plaintiff's counsel responded again with the basis but heard nothing in return. (*Id.* at ¶ 20.) On November 9, 2015 Plaintiff's counsel left a follow up voicemail indicating that if Defendant failed to provide an offer, Plaintiff would need to file a motion. (*Id.* at 21.) To date, Defendant's counsel has failed to respond to that communication. (*Id.*)

As set forth below, and as supported by the attached exhibits, Plaintiff's counsel's requested fees are demonstrably reasonable and reflect the market rate for attorneys with comparable skill in this jurisdiction in cases of comparable complexity.

## III. ARGUMENT

3

The Fourth Circuit provides a three-step process to determine a reasonable attorney's fee award. *Hudson v. Pittsylvania Cnty., Va.*, No. 4:11CV043, 2015 WL 5690854, at *2-3 (W.D. Va. Sept. 28, 2015) (citing *McAfee v. Boczar,* 738 F.3d 81, 88 (4th Cir. 2013)), *as amended* (Jan. 23, 2014). First, the court calculates the lodestar figure by "multiplying the number of reasonable hours expended times a reasonable rate." *Id.* (quoting *Robinson v. Equifax Info. Servs.,* 560 F.3d 235, 243 (4th Cir.2009)).

Second, the Court evaluates the "'reasonableness' of both the hours expended and rate charged by the prevailing party's attorneys," by applying the twelve factors identified by the Fifth Circuit in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717–19 (5th Cir. 1974), and adopted by this circuit in *Barber v. Kimbrell's Inc.,* 577 F.2d 216, 226 n. 28 (4th Cir. 1978):

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorney's fees awards in similar cases.

*3 *Robinson,* 560 F.3d at 243–44.

Third, after calculating the lodestar figure, the court must then subtract fees for time spent on any unsuccessful claims unrelated to successful claims. *Hudson*, No. 4:11CV043, 2015 WL 5690854, at *2-3 (citing *McAfee,* 738 F.3d at 88). The Court then awards a percentage of the remaining amount considering the prevailing party's "degree of success." *Hudson*, No. 4:11CV043, 2015 WL 5690854, at *2-3 (internal citations omitted).

As set forth below, Plaintiff's fee request is reasonable under all three parts of this test.

4

### A. Plaintiff's Lodestar for Litigating the Motion to Compel Equals $4,536.00.

The first step requires multiplying the number of hours by the hourly rate. Here, Plaintiff's counsel spent 10.8 hours litigating the Motion to Compel. At counsel's general hourly rate of $420 per hour, the total comes to $4,536.00. As explained below, the amount of hours and the rate are reasonable under the *Johnson* factors.

### B. The Hours Expended and Plaintiff's Counsel's Rates are Reasonable Under the *Johnson* Factors as Adopted in *Kimbrell*.

As explained below, the hours spent and Plaintiff's counsel's rates are reasonable under the twelve-factor *Johnson* test.

#### 1. *The time and labor expended supports the fee request.*

The time and labor expended support the requested fees. As evidenced by Plaintiff's Counsel's detailed billing records, for drafting and filing two briefs (dkts. 23 & 26), performing necessary legal research, and reviewing the Court's Order on the Motion to Compel required a total of 10.8 hours. The two briefs run a total of about 11 pages, suggesting an hour's worth of time per page for the briefs. A total of 3.1 hours was spent outlining and drafting the opening brief and 3.5 hours was spent outlining and drafting the reply.

While counsel for Paradise Homes indicated via email that the number of hours contained in Plaintiff's billing statement exceeded the amount of time she spent on the motion,[1] that is not altogether surprising here. Plaintiffs had to submit two briefs while Paradise only had to file a single opposition. Also, it is to be somewhat expected that Paradise's attorney wouldn't put a lot of time into the briefing—the Motion to Compel was necessitated by the fact that Paradise

---

[1] Although Plaintiff's counsel requested defense counsel's billing records to substantiate her assertions regarding the amount of time she put into litigating the motion to compel, defense counsel neglected to disclose such records.

5

simply refused to answer discovery. Its brief seeking to justify such inaction was only five pages long.

Accordingly, a review of the Plaintiff's billing statement demonstrates that counsel spent 10.8 hours drafting two briefs, conducting the necessary legal research (required as a result of Paradise's arguments and issuance of discovery to Plaintiff while asserting it simply did not have time to respond to Plaintiff's discovery), and reviewing both Paradise's opposition and the Court's Order. Time spent preparing for and participating in discovery meet and confers between the Parties has been omitted. Given the substantial experience the Court has had with Parties litigating (and, in certain instances, over-litigating) motions to compel discovery, it should have little difficulty acknowledging the reasonableness of a motion to compel that required under 11 hours of attorneys' time.

As a result, this factor supports the reasonableness of the requested fees.

2. *The novelty and difficulty of the questions raised*

This factor also supports the requested attorneys' fees. While the facts appear to have presented a straightforward motion to compel—Plaintiff issued discovery, gave multiple extension, but the defendant refused to provide timely responses—even the most outwardly straightforward motions require legal research into potential issues.

For example, with respect to the instant motion Plaintiff's counsel was required to research Defendant's argument, raised in its opposition brief, that good cause existed for the late discovery responses because the Parties had been discussing settlement (which was a stretch factually but not entirely untrue). This was made more difficult by the fact that Defendant failed to cite any authority in support. As such, Plaintiff's counsel spent 1.7 hours on Westlaw doing research for cases where a court had found good cause existed to extend discovery and other

6

deadlines as a result of settlement negotiations. Plaintiff ultimately located cases in similar contexts that had found settlement discussions to be insufficient grounds for extending certain deadlines and such authorities were cited in the Reply.

Likewise, Defendant also made the argument that it its counsel had simply been too busy to respond to discovery within the extended time limits the parties had agreed to but additionally admitted that, during this same time period, it had found the time to prepare its own discovery questions and serve those on the Plaintiff. As such, Plaintiff's counsel spent a half-hour trying to locate cases where similar facts had been reviewed.

Accordingly, while the motion to compel was not particularly difficult, the facts and circumstances raised by the Defendant's arguments required legal research. As such, this factor also supports the requested attorneys' fees.

3. *The skill required to properly perform the legal services rendered.*

Again, while it doesn't take the skills of Clarence Darrow to litigate a Motion to Compel where the other side has simply refused to respond to discovery, there can be little doubt that it still takes some level of time and skill to present the motion, raise the arguments, and then dispute the defendant's position once it is filed. It should also be recalled here that Defendant is being represented by SmithAmundsen, a respected Chicago law firm with over 150 lawyers. As such, the level of skill required to achieve success was arguably higher than would have been the case had the Defendant been an individual appearing *pro se*. This factor therefore supports the reasonableness of the requested attorneys' fees.

4. *The attorney's opportunity costs in pressing the instant litigation.*

This factor supports the requested attorneys' fees. Had Defendant simply responded to Plaintiff's discovery on time, or even within the multiple extensions Plaintiff's counsel granted,

7

then Plaintiff's counsel wouldn't have needed to devote time to briefing the Motion to Compel. Likewise, had Defendant made any offer to satisfy the request for attorneys' fees then this brief could probably have been avoided as well.

     5.    *The customary fee for like work.*

This factor overlaps with the twelfth factor—attorney's fees awards in similar cases. To avoid repetition, please refer to the analysis set forth in that factor below, which demonstrates that Plaintiff's hourly rate is reasonable based upon rates customarily charged by lawyers in the Western District of North Carolina for work in comparable cases.

     6.    *The attorney's expectations at the outset of the litigation.*

While this factor is probably more applicable in situations where fees are being awarded following the entry of a judgment, to the extent it is considered it weighs in favor of granting the requested attorneys' fees. Plaintiff's counsel has taken this litigation on a contingency basis. Indeed, whereas defense counsel was paid hourly to (in large part) refuse to respond to discovery and then lose the motion to compel, Plaintiff's counsel has received no remuneration from the case to date at all. In terms of expectations, TCPA class actions such as the instant matter are generally difficult to gauge at the outset due to a variety of factors, including the financial wherewithal of the defendant and the frequency with which unexpected facts are uncovered/the client was simply mistaken about what happened. Here the only expectancy was that Plaintiff would file the case, diligently pursue discovery, and, if it appeared that the facts supported certification of a class, Plaintiff would move the Court for class certification. If successful, Plaintiff would then petition for an award of reasonable fees.

     7.    *The time limitations imposed by the client or circumstances.*

8

This factor is probably more applicable when an attorney is required to take on a case with a shortened time frame given circumstances like the need for a TRO/preliminary injunctive relief that pulls the attorney away from other work. Here, the fact is that Paradise failed to respond to discovery despite extensions required that Plaintiff file a Motion to Compel. Even after it was brought Paradise delayed responding to discovery until ordered to do so by the Court. Bringing such delays to the Court's attention requires attorney's time. As such, this factor is likely inapposite.

8. *The amount in controversy and the results obtained*.

This factor also appears inapposite to the instant situation since fees are being considered following a Motion to Compel as opposed to a judgment. Nevertheless, Plaintiff secured nearly all of the relief requested in the Motion to Compel. The only item that was denied by the Court was Plaintiff's request that any discovery objections (apart from privilege objections) that could have been raised by Paradise Homes had been waived due to the failure to respond on time. The Court declined to find the objections waived—apparently not due to some controlling precedent, but rather out of a decision, within the Court's discretion, to avoid going "too hard" on the Defendant. That Plaintiff requested such relief and it wasn't ultimately granted shouldn't result in a reduction in the fees awarded, however. Given the late nature of the responses and the well-established case law indicating that a failure to raise timely objections may result in their waiver Plaintiff's counsel would've arguably committed malpractice had he not asked for the Court to follow such authorities. Put simply, that the Court decided at the end of the day to avoid a finding of waiver doesn't negate the fact that Plaintiffs' counsel had a duty to properly research and raise the argument.

As such, the relief sought and the results obtained favors awarding the requested fees.

9

9.  *The experience, reputation and ability of the attorney.*

This factor supports the award of attorneys' fees. Plaintiff's counsel Steven Woodrow has over a decade of experience representing consumers in class actions all across the Country. (*See* "Woodrow & Peluso, LLC Firm Resume," a copy of which is attached to the Woodrow Declaration as Ex. D.) He also has specific experience litigating TCPA class actions and was appointed interim co-lead class counsel in the TCPA case of *Jordan et al v. Nationstar Mortgage LLC*, 3:14-cv-00787-WHO. (dkt. 45.) Additionally, Mr. Woodrow has a strong reputation as an able litigator and is a member of the Colorado Bar Association's Professionalism Coordinating Counsel and Civil Rights committees. As such, this factor supports the hours and rates as well.

10. *The undesirability of the case within the legal community in which the suit arose.*

This factor is likely inapplicable here. While certain legal communities do not look favorably upon consumer class actions, even the most business-oriented jurisdictions can understand and appreciate the annoyance caused by repeated, harassing telemarketing calls. Indeed, it appears that Paradise has contacted tens of thousands of persons who never consented to be called in the first instance as well as a large number of consumers who are on the do not call list.[2] If anything, this consideration—which intuitively is designed to incentivize attorneys to bring unpopular cases more generally—would support the award of attorneys' fees. It is very difficult to bring these types of cases on a contingent basis, and this is only compounded when the Defendant simply elects to disengage and remain generally non-responsive like Paradise.

---

[2] Furthermore, and as will be explained more fully at the appropriate time, it also appears that Paradise fails to maintain proper call records—while it claims to only have a record of calling Plaintiff a single time in January 2015, Plaintiff has produced screenshots of her Caller ID showing that Paradise called her in September 2014.

Left unchecked such tactics would simply drive up the litigation costs for all Parties. As such, this factor is either off point or supports Plaintiff's request.

> 11. *The nature and length of the professional relationship between attorney and client.*

The application of this factor is unclear in this context. Plaintiff's counsel has represented Ms. Watson only with respect to this TCPA class action against Paradise and is doing so entirely on contingency.

> 12. *Attorney's fees awards in similar cases.*

The final consideration reviews fee awards in similar cases (and, given the overlap here, the fifth factor: the customary fee for like work). Admittedly, the hours sought are for attorney Steven Woodrow, who has appeared *pro hac vice* in this matter. Mr. Woodrow is licensed in both Illinois (since 2005) and Colorado (since 2011) and the rates set forth in the billing statement reflect the firm's baseline rates charged to clients for hourly work. (*See* Woodrow Decl. Ex. A.) He is the managing partner of Woodrow & Peluso, LLC and was a partner at his prior firm, a prominent national class action firm based out of Chicago (where he billed out at far higher hourly rates that were regularly approved by federal courts).[3] (*Id.*)

Mr. Woodrow's rate of $420 is also in line with rates customarily charged in the Western District of North Carolina. *See In re Wachovia Corp. ERISA Litig.*, No. 3:09CV262, 2011 WL

---

[3] Prior to starting Woodrow & Peluso, LLC, attorney Woodrow billed out at higher hourly rates. *See e.g. Wigod v. Wells Fargo, Bank, N.A*., Case No: 1:10-cv-2348 (N.D. Ill. 2014) (*Wigod* Dkt. 278)) (approving hourly rate of $570 for attorney Woodrow); *see also Schulken v. Washington Mutual Bank*, No. 09-CV-02708-LHK (N.D. Cal. 2013) (*Schulken* Dkt. 223) (Judge Koh approving attorney Woodrow's hourly rate of $500). Mr. Woodrow reduced his hourly rate to $420 when he opened Woodrow & Peluso, LLC not due to any diminishment in his skillset but out of recognition for the reality that larger firms generally command higher hourly rates in the market.

5037183, at *6 (W.D.N.C. Oct. 24, 2011) (finding over 4 years ago that rates of "$400 per hour for partners, $225 for associates, and $75 for paralegals," are more "commensurate with the market rates prevailing in the Charlotte community 'for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" (*quoting Hadix v. Johnson,* 65 F.3d 532, 536 (6th Cir.1995)). When taking inflation into account—given that *In re Wachovia Corp.* was decided over 4 years ago—a rate of $400 in 2011 would be $423.13 in 2015.[4] Attorney Woodrow's rates thus reflect slightly lower rate than that found to be reflective of the prevailing rates in the Western District of North Carolina in *In re Wachovia Corp.*, when it is adjusted for inflation.

It is unsurprising that other district courts in the Fourth Circuit have upheld similar rates. *See Am. Bird Conservancy v. U.S. Fish & Wildlife Serv.*, No. 1:13-CV-723, 2015 WL 3622459, at *12 (E.D. Va. June 9, 2015) ("Courts in this district have generally recognized rates of up to $420 per hour for partners and $250 to $300 per hour for associates as reasonable and appropriate for cases similar in nature, difficulty, and complexity to the instant case.") (FOIA case) (citing *Jones v. Southpeak Interactive Corp. of Delaware,* No. 3:12cv443, 2014 WL 2993443 at *7 (E.D.Va. July 2, 2014) (reasonable rate for experienced counsel was $420 per hour based on extensive evidence submitted regarding prevailing market rates in the locality).

Nationwide class action work in federal court is a complex undertaking. A rate of $420 for a firm's partner is lower than that awarded in *In re Wachovia Corp. ERISA Litig.* when adjusted for inflation. As such, the Court should find that attorney Woodrow's billable rate of $420 is consistent with the market rate in the Western District of North Carolina.

---

[4] *See* Bureau of Labor Statistics CPI Inflation Calculator, URL http://data.bls.gov/cgi-bin/cpicalc.pl?cost1=400.00&year1=2011&year2=2015, a true and accurate print out of which is attached to the Woodrow Declaration as Ex. C.

12

Accordingly, a review of the Johnson factors shows that Plaintiff's fees for litigating the Motion to Compel are reasonable.

### C. There is no Need to Apply a Success Discount

The final step in determining whether a requested fee is reasonable requires that, after calculating the lodestar figure, the court then subtracts fees for time spent on any unsuccessful claims unrelated to successful claims and awards a percentage to reflect the "degree of success." *Hudson*, No. 4:11CV043, 2015 WL 5690854, at *2-3 (citing *McAfee,* 738 F.3d at 88). Here, Plaintiff's counsel's efforts resulted in the Motion to Compel being granted with leave to file the instant petition for attorneys' fees. And as explained above (*see* Section III.B.8, *supra*) although the Court did not award *all* of the relief sought in the motion—the Court declined to find that Paradise had waived its objections—Plaintiff's counsel still had to perform the legal research and raise the argument that the Court should consider such untimely objections as having been waived.

Accordingly, the Court should not subtract or discount the requested fees based on any "degree of success" considerations.

### IV. CONCLUSION

Paradise has been essentially disengaged from this litigation. It refused to timely respond to discovery and then, after the Court granted Plaintiff's Motion to Compel, it refused to make any offer for reasonable attorneys' fees at all.[5] As such, and for all the reasons set forth above—

---

[5] Indeed, in light of Paradise's refusal to extend any offer and its repeated demands for greater details support for the fee request, the Court should also consider awarding fees incurred for having to draft this motion. *See Am. Canoe Ass'n, Inc. v. U.S. E.P.A.*, 138 F. Supp. 2d 722, 746 (E.D. Va. 2001)("It is well-settled that reasonable time and expenses spent preparing a fee petition are compensable") (*citing Trimper v. City of Norfolk, Va.*, 58 F.3d 68, 77 (4th Cir. 1995)). Conferring with counsel (.2 hours), drafting the instant brief (4.4 hours), performing legal research (1.3 hours), and drafting the attached declaration (1.2 hours) required a total of

13

including most principally the fact that the requested fees are reasonable under the *Johnson* factors because the time and hours are well within what other lawyers with Plaintiff's counsel's skillset make on the open market—the Court should grant Plaintiff's counsel's request for reasonable attorneys' fees in the amount of $4,536.00.

WHEREFORE the Plaintiff, Sharon Watson, respectfully requests that the Court grant her request for reasonable attorneys' fees and award such additional relief as it deems necessary and just.

Dated: November 16, 2015

SHARON WATSON, on behalf of herself and all others similarly situated,

By: /s/ Steven L. Woodrow

Steven L. Woodrow CO Bar #43140 (*pro hac vice*)
Woodrow & Peluso, LLC
3900 East Mexico, Suite 300
Denver, CO 80210
720-213-0675
swoodrow@woodrowpeluso.com

Stefan Coleman
Law Offices of Stefan Coleman, LLC
201 S Biscayne Blvd., 28th Floor
Miami, FL 33131
Tel: 877-333-9427
Fax: 888-498-8946

Ted Lewis Johnson
PO Box 5272
Greensboro, NC 27408
Tel: 336-252-8596

*Counsel for Plaintiff and the Class*

---

7.1hours, Plaintiff's counsel believes that a total of 5 hours ($420 x 5 = $2,100) would be appropriate. When combined with the $4,536 sought for work related to the Motion to Compel, this would bring the total to $6,636.00. (Woodrow Decl. ¶ 27.)

14

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he served the above and foregoing **PLAINTIFF'S MOTION FOR ATTORNEYS FEES RELATED TO MOTION TO COMPEL GRANTED OCTOBER 7, 2015 (DKT. 27)** on November 16, 2015 by causing a true and accurate copy of such Motion to be filed with the Court using the Court's electronic filing system, which will send a copy to all counsel of record.

/s/ Steven L. Woodrow